IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-00016-01-CR-W-RK |
| ) | |
| MICHAEL W. SYLVARA, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Michael W. Sylvara's Motion to Dismiss Count Two (Doc. #109). For the reasons set forth below, it is recommended that this motion be denied.

I. INTRODUCTION

On January 25, 2022, the Grand Jury returned a one-count Indictment charging defendant Sylvara with Social Security Fraud. That Indictment alleged:

> From on or about November 2016 through on or about May 2019, in the Western District of Missouri, defendant MICHAEL W. SYLVARA, having made application to receive payment under Title 42, Chapter 7, Subchapter II of the United States Code for the use and benefit of another and having received such payments, knowingly and willfully converted such payments, totaling at least $42,369.00, to a use other than for the use and benefits of such other person.
>
> The above was in violation of Title 42, United States Code, Section 408(a)(5).

(Doc. #1.)

Trial commenced on October 3, 2022. On October 6, 2022, the Court declared a mistrial as the jury was unable to reach a verdict.

On November 17, 2022, the Grand Jury returned a four-count Superseding Indictment charging defendant Sylvara with Social Security Fraud (Count One), Theft of Government Money (Count Two), and False Declarations Before Court (Counts Three and Four[1]). Counts One and Two of the Superseding Indictment allege:

**COUNT ONE**
**(Social Security Fraud)**

From in or about November 2016 through in or about May 2019, in the Western District of Missouri, defendant MICHAEL W. SYLVARA, having made application to receive payment under Title 42, Chapter 7, Subchapter II of the United States Code for the use and benefit of another and having received such payments, knowingly and willfully converted such payments, totaling at least $42,369.00, to a use other than for the use and benefits of such other person.

The above was in violation of Title 42, United States Code, Section 408(a)(5).

**COUNT TWO**
**(Theft of Government Money)**

From in or about November 2016 through in or about May 2019, in the Western District of Missouri, defendant MICHAEL W. SYLVARA, did willfully and knowingly embezzle, steal, purloin, and convert to his own use and the use of another, any money of the United States and any department and agency thereof, whose value exceeded $1,000.00, namely, Title II Program benefits from the Social Security Administration to which he was not entitled totaling approximately $42,369.00.

The above was in violation of Title 18, United States Code, Section 641.

(Doc. #105 at 2.)

II. DISCUSSION

Defendant Sylvara argues that Count Two of the Superseding Indictment should be dismissed because it is "1) vindictive in violation of the Due Process Clause of the Fifth

---

[1] On February 8, 2022, the government filed a Motion to Dismiss Count Four of the Superseding Indictment (Doc. #117).

Amendment, and 2) multiplicitous with count one and violative of congressional intent that social security fraud offenses be prosecuted by the specific statute codified at 42 U.S.C. § 408(a)(5)." (Motion to Dismiss Count Two at 1; Doc. #109.)

 A. <u>Vindictive Prosecution</u>

With respect to his vindictive prosecution argument, defendant Sylvara states:

> Mr. Sylvara exercised his Sixth Amendment right to a jury trial. Following the exercise of that right and the jury's inability to reach a unanimous verdict, the government obtained a superseding indictment that charged Mr. Sylvara with an additional offense: theft of government money in violation 18 U.S.C. § 641. The government's charging decision in these circumstances creates a presumption the additional charge, which subjects Mr. Sylvara to an additional ten years of imprisonment, was brought in retaliation for his exercise of his constitutional right to a jury trial.

(Doc. #109 at 2.)

In *United States v. Williams*, 793 F.3d 957 (8th Cir. 2015), the Eighth Circuit Court of Appeals set forth the following guidance with respect to a claim of vindictive prosecution:

> Vindictive prosecution occurs when a prosecutor seeks to punish a defendant solely for exercising a valid legal right. *United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004). Such prosecution constitutes a violation of due process. *Id.* The defendant has the burden to demonstrate that the "prosecution was brought in order to punish [him] for the exercise of a legal right," and because of the broad discretion given to prosecutors in performing their duties, the defendant's burden to show vindictive prosecution is "a heavy one." *Id.* Williams argues that the prosecution sought to punish him for exercising his legal right to a trial when the government filed the five-count superseding indictment following Williams' refusal of the government's plea deal.
>
> A defendant can establish prosecutorial vindictiveness through two methods; first, with "objective evidence of the prosecutor's vindictive or improper motive in increasing the number or severity of charges." *United States v. Chappell*, 779 F.3d 872, 879 (8th Cir. 2015) (internal quotation omitted). "Absent such evidence, a defendant may, in *rare* instances, rely upon a presumption of vindictiveness, if he provides sufficient evidence to show a reasonable likelihood of vindictiveness exists." *Id.* (alteration in original) (internal quotation omitted). In determining whether the presumption of vindictiveness applies we examine "the

prosecutor's actions in the context of the entire proceedings." *Id.* at 880 (quotation omitted).

*Williams*, 793 F.3d at 963.

In *United States v. Rodgers*, 18 F.3d 1425 (8th Cir. 1994), the Eighth Circuit was presented with facts similar to the instant case. Following a trial where the jury was unable to reach a verdict on a drug conspiracy charge, the court declared a mistrial as to that charge. *Id.* at 1427-28. Thereafter, the government filed two superseding indictments which recharged the conspiracy count (while expanding the time frame of the charged conspiracy) and added additional charges against the defendants. *Id.* at 1428. The defendants sought dismissal "based upon prosecutorial vindictiveness demonstrated, they contend, by the government's decision to add new charges . . . upon reindictment following the first trial." *Id.* at 1429. After finding that no objective evidence of a vindictive motive on the part of the government had been shown, the Court moved on to the second method of establishing prosecutorial vindictiveness, that is the presumption of vindictiveness. The Court advised:

> The defendants would have us presume vindictiveness from the circumstances. "[A] defendant may in certain circumstances rely on a presumption of vindictiveness." [*United States v. Beede*, 974 F.2d 948, 951 (8th Cir. 1992).] The court will presume an improper vindictive motive "only in cases in which a reasonable likelihood of vindictiveness exists." [*United States v. Goodwin*, 457 U.S. 368, 373 (1982)]; *see also Blackledge v. Perry*, 417 U.S. 21, 27 (1974). We have said that "[c]ourts will not find prosecutorial vindictiveness when the reindictment was not a reaction to the defendant's assertion of some right." [*United States v. Punelli*, 892 F.2d 1364, 1372 (8th Cir. 1990)] (citing *United States v. Khan*, 787 F.2d 28, 32-33 (2d Cir. 1986)). . . .
>
> We conclude that the additional charges in this case were not a reaction to the defendants' exercise of a legal right. . . . The additional charges here were brought by reindictment following a mistrial on the conspiracy charge, and not because the defendants elected to proceed initially by jury trial. . . . [T]he mistrial on the conspiracy count did not require the exercise of a right but was the product of the

4

> jury's inability to reach an agreement as to a verdict on the conspiracy count. We see no reasonable likelihood that vindictiveness would arise out of this situation.

*Rodgers*, 18 F.3d at 1429-30.

In the case currently before this Court, the defendant does not claim to have objective evidence of the prosecutor's vindictive or improper motive in increasing the number or severity of charges. Rather, the defendant claims that the government's decision to charge him with a violation of 18 U.S.C. § 641, which subjects the defendant to an additional ten years of imprisonment, creates a presumption that the additional charge was brought in retaliation for the defendant's exercise of his constitutional right to a jury trial. (Doc. #109 at 2.) As stated in *Rodgers*, the mistrial did not require the exercise of a right by the defendant. Instead, the mistrial was the product of the jury's inability to reach an agreement as to a verdict. Consistent with the finding in *Rodgers*, this Court sees no reasonable likelihood that vindictiveness would arise out of this situation. As stated in *Williams*, the defendant has the burden to demonstrate prosecutorial vindictiveness. Defendant Sylvara has failed to meet this burden.

However, even if the defendant had established a presumption of vindictiveness (which this Court does not believe to be the case), the government may rebut the presumption by proferring legitimate, objective reasons for bringing the additional charges. *See Rodgers*, 18 F.3d 1425, 1431 (8th Cir. 1994). *See also United States v. Campbell*, 410 F.3d 456, 462 (8th Cir. 2005) ("There can be no prosecutorial vindictiveness if the prosecutor revised the charge because of . . . some objective reason other than to punish the defendant for exercising his legal rights.") Government counsel set out the following explanation for bringing the Theft of Government Money charge (Count Two):

5

> . . . new evidence . . . came to light at the October 2022 trial through admissions the defendant made during his testimony. During cross examination the defendant admitted to paying his own utility bills with his father's social security benefits for a total of fifteen months. . . . He further admitted his father did not live with him for twelve of those fifteen months . . . The defendant's own admission that he knowingly paid his utility bills with his father's social security benefits for multiple months when his father was not living with him was newly discovered evidence that supported charging the additional law violation of theft of government money in a superseding indictment.

(United States' Response to Defendant's Motion to Dismiss at 3-4; Doc. #116.) The government has provided an objective reason for pursuing an additional charge against defendant Sylvara. The Court finds that if any presumption of vindictiveness arose, it was rebutted by the government.

      B.      <u>Multiplicity and Congressional Intent</u>

As set forth above, defendant Sylvara argues that Count Two of the Superseding Indictment is multiplicitous with Count One and violative of congressional intent that social security fraud offenses be prosecuted under the specific statute codified at 42 U.S.C. § 408(a)(5).

The Superseding Indictment charges that defendant Sylvara violated 42 U.S.C. § 408(a)(5) (Count One) and 18 U.S.C. § 641 (Count Two). These statutes provide as follows:

**§ 408. Penalties**

(a) In general

Whoever—

\* \* \*

> (5) having made application to receive payment under this subchapter for the use and benefit of another and having received such a payment, knowingly and willfully converts such a payment, or any part thereof, to a use other than for the use and benefit of such other person; [ ]

\* \* \*

shall be guilty of a felony and upon conviction thereof shall be fined under Title 18

or imprisoned for not more than five years, or both . . . .

42 U.S.C. § 408(a)(5).

### § 641. Public money, property or records

Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof . . . ; or

Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—

Shall be fined under this title or imprisoned not more than ten years, or both . . . .

18 U.S.C. § 641.

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. An indictment is multiplicitous when it charges a single offense in more than one count. *See United States v. Christner*, 66 F.3d 922, 927 (8th Cir. 1995). "'The vice of this practice is that multiple sentences may result. Likewise, it may suggest to the jury that the defendant committed more than one crime.'" *Christner*, 66 F.3d at 927 (quoting *United States v. Dixon*, 921 F.2d 194, 196 (8th Cir. 1990)).

In determining whether charges in an indictment which are brought pursuant to different statutes, but are based on the same conduct by the defendant, are multiplicitous or the "same offense" for double jeopardy purposes, courts look to the same-elements analysis of *Blockburger v. United States*, 284 U.S. 299 (1932). *See United States v. Grimes*, 702 F.3d 460, 467 (8th Cir. 2012), *cert. denied*, 570 U.S. 911 (2013). This analysis provides: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to

7

determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. *See Rutledge v. United States*, 517 U.S. 292, 297 (1996) ("[f]or over half a century we have determined whether a defendant has been punished twice for the 'same offense' by applying the rule set forth in *Blockburger*").

Within this framework, the Court will analyze defendant Sylvara's contention that Counts One and Two are multiplicitous. In order to convict defendant Sylvara of the Social Security Fraud offense charged in Count One of the Superseding Indictment, the government must prove: (1) the defendant had applied to receive Social Security payments for the use and benefit of another and had received such payment; (2) the defendant converted those payments, or any part thereof, to a use other than for the use and benefit of that other person; and (3) the defendant did so knowingly and willfully. (Court's Instruction No. 21; Doc. #98.) In order to convict defendant Sylvara of the Theft of Government Money offense charged in Count Two, the government must prove: (1) the defendant knowingly converted money to his own use; (2) the money belonged to the United States and had a value in excess of $1,000; and (3) the defendant did so with intent to deprive the owner of the use or benefit of the money so taken. Eighth Circuit Model Jury Instruction 6.18.641 (2022).

The charges contained in Counts One and Two clearly require proof of different facts. Count One requires proof that defendant Sylvara applied to receive social security benefits for the use and benefit of another and that he then received such payments, while Count Two does not require proof of such an application or the receipt of the social security benefits of another. Count Two requires proof that the converted money had a value in excess of $1,000, while Count One does not require that the converted payment be in excess of $1,000. Thus, the statutes charged in

8

Counts One and Two do not prohibit the "same offense" for double jeopardy purposes.

Defendant Sylvara's final argument is that Congress intended that social security fraud be prosecuted by the specific statute codified at 42 U.S.C. § 408(a)(5), rather than the general theft of government money statute codified at 18 U.S.C. § 641. The United States Supreme Court has held that in the absence of a clear indication of contrary legislative intent, the *Blockburger* rule should also be used to determine whether Congress intended that two statutory offenses may be punished cumulatively. *See Albernaz v. United States*, 450 U.S. 333, 337 (1981). If each statutory provision requires proof of a fact that the other does not, it is presumed that Congress intended that a violation of these separate statutory offenses could result in the imposition of consecutive sentences. *Id.* at 337-39. Nothing has been brought to the Court's attention which would disclose a clear indication of contrary legislative intent. As set out above, the charges contained in Counts One and Two clearly require proof of different facts, thus this Court presumes that Congress intended that a violation of both 42 U.S.C. § 408(a)(5) and 18 U.S.C. § 641 could result in the imposition of cumulative punishment.

## III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Sylvara's Motion to Dismiss Count Two (Doc. #109).

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and

9

Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                           */s/ Lajuana M. Counts*
                                                           Lajuana M. Counts
                                                           United States Magistrate Judge